DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
GREGG W. LOWDER (CABN 107864)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Email: Gregg.Lowder@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-0533 RS |
| Plaintiff, | **RECORDED NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AS TO REAL PROPERTY AND IMPROVEMENTS LOCATED AT 4314 MARINA CITY DRIVE, #416, MARINA DEL REY, CALIFORNIA 90292 (APN 8940-435-235)** |
| v. | |
| EDVIN OVASAPYAN and HAKOB KOJOYAN, | |
| Defendants. | |

The United States hereby submits the attached Recorded Notice of Pendency of Action (Lis Pendens) as to Real Property and Improvements Located at 4314 Marina City Drive, #416, Marina Del Rey, California 90292 (APN 8940-435-235).

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: 4/10/2019

GREGG W. LOWDER
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she caused a copy of

- Recorded Notice of Pendency of Action (Lis Pendens) as to Real Property and
  Improvements located at 4314 Marina City Drive, #416, Marina Del Rey, CA 90292

to be served this date via United States first class mail delivery upon the person(s) below at the place(s)

and address(es) which is the last known address(es):

| | |
|---|---|
| ESJ Group LLC<br>4314 Marina City Drive, #416<br>Marina Del Rey, CA 90292 | The Evergreen Advantage, LLC<br>1424 4th Street, Suite 777<br>Santa Monica, CA 90401 |
| ESJ Group LLC<br>10380 Wilshire Blvd., #302<br>Los Angeles, CA 90024 | |

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge.

Executed this 16th day of April, 2019 at San Francisco, California

Carolyn Jusay

CAROLYN JUSAY
FSA Paralegal
Asset Forfeiture Unit

RECORDED NOTICE OF LIS PENDENS
CR 18-0533 RS

**This page is part of your document - DO NOT DISCARD**



## 20190287024



**Pages: 0023**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/02/19 AT 04:13PM**

| | |
|---|---|
| FEES: | 83.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 83.00 |



**L E A D S H E E T**



**201904020240030**

**00016431158**



**009727528**

**SEQ:**
**01**

SECURE - Daily - Time Sensitive



**THIS FORM IS NOT TO BE DUPLICATED**

E535543

USA v. Ovasapyan 4315

RECORDING REQUESTED BY:

UNITED STATES ATTORNEYS OFFICE

**WHEN RECORDED PLEASE MAIL TO:**
AUSA GREGG W. LOWDER
UNITED STATES ATTORNEYS OFFICE
450 GOLDEN GATE AVENUE, BOX 36055
SAN FRANCISCO, CA 94102
ATTN: ASSET FORFEITURE UNIT

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS ABOVE)

(SPACE ABOVE FOR RECORDER'S USE)

NOTICE OF LIS PENDENS AS TO REAL PROPERTY AND IMPROVEMENTS LOCATED AT
4314 MARINA CITY DRIVE, #416, MARINA DEL REY, CALIFORNIA 90292

**(DOCUMENT TITLE)**

SEPARATE PAGE, PURSUANT TO CA. GOV'T. CODE 27361.6

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW F. DAWSON (CABN 264421)
   GREGG W. LOWDER (CABN 107864)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7044
        FAX: (415) 436-6748
8       Gregg.Lowder@usdoj.gov
        Andrew.Dawson@usdoj.gov
9
   Attorneys for United States of America
10
                 UNITED STATES DISTRICT COURT
11
                NORTHERN DISTRICT OF CALIFORNIA
12
                    SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,          )  No.    CR 18-0533 RS
                                       )
15          Plaintiff,                 )  **NOTICE OF PENDENCY OF ACTION (LIS
                                       )  PENDENS) AS TO REAL PROPERTY AND
16      v.                             )  IMPROVEMENTS LOCATED AT 4314
                                       )  MARINA CITY DRIVE, #416, MARINA DEL
17  EDVIN OVASAPYAN and                )  REY, CALIFORNIA 90292  (APN 8940-435-235)**
    HAKOB KOJOYAN,                     )
18                                     )
                                       )
19          Defendants.                )
                                       )
20  _____)

21

22          NOTICE IS HEREBY GIVEN that a criminal action has been commenced in the above-entitled

23  Court pursuant to an Indictment filed under the above case number (attached hereto as Exhibit A) and a

24  Third Bill of Particulars for Forfeiture of Property has been filed by the United States of America on

25  April 1, 2019 (attached hereto as Exhibit B) has been filed in the above case to secure the judicial

26  forfeiture to the United States of the real property and improvements located at 4314 Marina City Drive,

27  #416 Marina Del Rey, California 90292 (Assessors Parcel Number 8940-435-235), which is further

28  described in Exhibit C (also attached hereto).

NOTICE OF LIS PENDENS – 4314 MARINA CITY DRIVE
CR 18-0533 RS                              1

The United States alleges that the said real property is subject to forfeiture pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982 and 28 U.S.C. § 2461(c).

The owner of record to the said real property is ESJ Group, LLC.

DATED: 4/2/2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

GREGG W. LOWDER
Assistant United States Attorney

NOTICE OF LIS PENDENS – 4314 MARINA CITY DRIVE
CR 18-0533 RS                                     2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she caused a copy of

- Notice of Pendency of Action (Lis Pendens) as to Real Property and Improvements located at 4314 Marina City Drive, #416, Marina Del Rey, California 90292

to be served this date via United States certified mail delivery and first class mail delivery upon the person(s) below at the place(s) and address(es) which is the last known address(es):

| | |
|---|---|
| ESJ Group LLC<br>4314 Marina City Drive, #416<br>Marina Del Rey, CA 90292 | The Evergreen Advantage, LLC<br>1424 4th Street, Suite 777<br>Santa Monica, CA 90401 |
| ESJ Group LLC<br>10380 Wilshire Blvd., #302<br>Los Angeles, CA 90024 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of April, 2019, at San Francisco, California

*Brenda Lukaitis*
BRENDA LUKAITIS
FSA Paralegal
Asset Forfeiture Unit

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**       **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California               )

County of ___San Francisco___ )

On ___April 2, 2019___ before me, ___Tyle L. Doerr, Notary Public___,
       *Date*                        *Here Insert Name and Title of the Officer*

personally appeared ___Gregg W. Lowder___
                                *Name(s) of Signer(s)*

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

*Signature of Notary Public*

TYLE L. DOERR
Commission # 2134483
Notary Public - California
San Francisco County
My Comm. Expires Nov 20, 2019

       *Place Notary Seal Above*

────────────── **OPTIONAL** ──────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document** Notice of Pendency of Action (Lis Pendens) as to Real
Property and Improvements Located at 4314 Marina City Drive,
Title or Type of Document: #416, Marina Del Rey, CA (APN 8940-435-235) Document Date: ___04/02/19___
Number of Pages: _____20___ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: ___Gregg W. Lowder___ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☒ Individual    ☐ Attorney in Fact | ☐ Individual    ☐ Attorney in Fact |
| ☐ Trustee    ☐ Guardian or Conservator | ☐ Trustee    ☐ Guardian or Conservator |
| ☒ Other: ___Assistant United States Attorney___ | ☐ Other: _____ |
| Signer Is Representing: ___United States Attorneys___ ___Office - DOJ___ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# Exhibit A

1   ALEX G. TSE (CABN 152348)
    United States Attorney

2                                           **FILED**

3                                           NOV – 1 2018

4                                           SUSAN Y. SOONG
                                            CLERK, U.S. DISTRICT COURT
5                                           NORTHERN DISTRICT OF CALIFORNIA

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,          )   CASE NO.  **CR 18   533**
                                       )                              **RS**
12          Plaintiff,                 )
                                       )
13      v.                             )   VIOLATIONS: 18 U.S.C. § 1343 –Wire Fraud; 18
                                       )   U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
14  EDVIN OVASAPYAN and                )   18 U.S.C. § 1956(h) – Conspiracy to Commit
    HAKOB KOJOYAN,                     )   Laundering of Monetary Instruments; 18 U.S.C.
15                                     )   § 371 – Conspiracy to Engage in the Unlawful
            Defendants.                )   Wholesale Distribution of Drugs;  18 U.S.C. § 2 –
16                                     )   Aiding and Abetting; 18 U.S.C. §§ 981, 982 & 28
                                       )   U.S.C. § 2461(c) – Criminal Forfeiture
17                                     )
                                       )   SAN FRANCISCO VENUE
18                                     )
                                       )
19  _____)

20                        I N D I C T M E N T

21  The Grand Jury charges:

22                      Introductory Allegations

23  At all times relevant to this Indictment:

24  Overview of the Regulation of the Distribution of Prescription Drugs

25          1.      The Food and Drug Administration ("FDA") is the federal agency of the United States

26  responsible for administering federal statutes and regulations aimed at protecting the health and safety of

27  United States citizens and residents by ensuring that, among other things, drugs are safe and effective for

28  their intended uses and that the labeling of such drugs bears true, complete, and accurate

                                        1

1    informationefore they may be offered and sold in the United States.

2        2.     One of the statutes that the FDA enforces is the Federal Food, Drug and Cosmetic Act

3    (FDCA) as amended by the Drug Supply Chain and Security Act (DSCSA), which is designed to,

4    among other things, ensure that drugs sold for human use are safe and effective for their intended uses.

5        3.     The FDCA defines a "drug" as: (A) articles recognized in the official United States

6    Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National

7    Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure,

8    mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food)

9    intended to affect the structure or any function of the body of man or other animals; and (D) articles

10    intended for use as a component of any articles specified in clause (A), (B), or (C).

11        4.     A "prescription drug" is any drug which, because of its toxicity and other potential for

12    harmful effects, or the method of its use, or the collateral measures necessary to its use, is not considered

13    safe for use except under the supervision of a practitioner licensed by State law to administer such drugs,

14    or any drug which is limited by an approved new drug application to use under the professional

15    supervision of a practitioner licensed by law to administer such drug.  21 U.S.C. §353(b)(1).

16        5.     On November 27, 2013, the DSCSA was enacted to better protect the integrity of the

17    nation's drug distribution system.  One of the intended results of the DSCSA is to prevent the practice

18    known as prescription drug diversion.   Under the DSCSA:

19            a)  .  "Wholesale Distribution" means distribution of a prescription drug to or receipt of

20            a prescription drug by a person other than a consumer or patient, but does not include

21            the lawful dispensing of a prescription drug pursuant to a prescription according to 21

22            U.S.C. §353(b)(1).

23            b)     A "wholesale distributor" of prescription drugs means a person (other than the

24            manufacturer, a manufacturer's co- licensed partner, a third party logistics provider, or

25            repackager) engaged in wholesale distribution.

26            c)     "Authorized" in the case of a wholesale distributor means having a valid license

27            under State law or 21 U.S.C. § 360eee-2, in accordance with 21 U.S.C. §360eee-1(a)(6).

28            d)     "Licensed," in the case of a wholesale distributor, means having a valid license in

2

1    accordance under 21 U.S.C. §353(e) or State law.

2    e)    "Transaction history" means a statement in paper or electronic form that includes

3    the transaction information for each prior transaction going back to the manufacturer of

4    the drug product.

5    f)    "Transaction information" includes, among other things, the strength and dosage

6    form of the drug product, the number of containers, the lot number of the drug product,

7    and the business name and address of the persons from whom and to whom ownership is

8    being transferred.

9    g)    " Transaction statement" means a statement in paper or electronic form that the

10   entity transferring ownership of a drug product is in compliance with certain provisions

11   of the DSCSA.

12   6.    Effective January 1, 2015, the FDCA, as amended by the DSCSA, imposes requirements

13   on wholesale distributors of most prescription drugs, including certain product tracing requirements.

14   Specifically:

15   a)    A wholesale distributor shall not accept ownership of a product unless the

16   previous owner prior to, or at the time of, the transaction provides the transaction history,

17   transaction information, and a transaction statement for the product.

18   b)    The trading partners of a wholesale distributor may only be authorized trading

19   partners.

20   7.    If a wholesale distributor purchased a product directly from the manufacturer, the

21   exclusive distributor of the manufacturer, or a repackager that purchased directly from the manufacturer,

22   then prior to, or at the time of, each transaction in which the wholesale distributor transfers ownership of

23   a product, the wholesale distributor shall provide to the subsequent purchaser—

24   a)    a transaction statement, which shall state that such wholesale distributor, or a

25   member of the affiliate of such wholesale distributor, purchased the product directly

26   from the manufacturer, exclusive distributor of the manufacturer, or repackager that

27   purchased the product directly from the manufacturer; and

28   b)    the transaction history and transaction information.

3

8.      Wholesale distributors of prescription drugs who did not purchase a prescription drug directly from the manufacturer, the exclusive distributor of the manufacturer, or a repackager directly from the manufacturer must, prior to or at the time of each transaction, provide to the subsequent purchaser a transaction history, transaction information, and transaction statement.  Wholesale distributors must capture the transaction information (including lot level information), transaction history, and transaction statements for each transaction described above, and maintain that information, history and statement for not less than six years after the date of the transaction.

The Defendants and Related Entities

9.      Defendant Edvin OVASAPYAN is the owner and operator of Mainspring Distribution, a Pennsylvania limited liability company.  OVASAPYAN resides in the State of California.

10.     Mainspring Distribution ("Mainspring") is a Pennsylvania corporate entity that has been licensed by the Commonwealth of Pennsylvania as a wholesale pharmaceutical distributor.

11.     Defendant Hakob KOJOYAN resides in the State of California.

The Conspiracy and Scheme to Defraud

12.     Beginning at a date unknown to the grand jury, but no later than on or about February 9, 2017, and continuing through a date unknown to the grand jury, but to at least on or about April 5, 2018, OVASAPYAN and KOJOYAN knowingly devised, intended to devise, and carried out a conspiracy and scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts with a duty to disclose.

As part of the conspiracy and scheme to defraud:

13.     OVASAPYAN, through his control of Mainspring, sold or arranged to be sold large quantities of prescription pharmaceuticals to retail pharmacies and wholesalers across the United States. OVASAPYAN, KOJOYAN, and others known and unknown to the Grand Jury generated false and misleading documentation claiming that the drugs sold by Mainspring had been acquired in compliance with federal law from authorized trading partners who were licensed, legitimate suppliers.  In sum, OVASAPYAN, KOJOYAN, and their coconspirators identified a licensed wholesaler in California (hereinafter, the LICENSED SUPPLIER) and then created paperwork falsely representing that

4

1  Mainspring's supply of prescription drugs had been acquired from the LICENSED SUPPLIER.  In

2  reality, Mainspring had never acquired any prescription drugs from the LICENSED SUPPLIER, and the

3  drugs sold under that name had in fact been acquired from illicit, unlicensed sources.

4        14.    In particular, when Mainspring sold prescription drugs to its customers, it provided those

5  customers with documentation purporting to be the required transaction information, transaction

6  statements, and transaction histories (collectively, "Transaction Documentation").  Provision of such

7  documentation is required by the DSCSA.  Since on or about February 2017, Transaction

8  Documentation for Mainspring's sales, prepared in connection with certain transactions, represented that

9  a particular supplier (hereinafter, "SUPPLIER ONE"), was the source from which Mainspring had

10 acquired the drug.  That Transaction Documentation was false and misleading.

11       15.    The listed name for SUPPLIER ONE on the Transaction Documentation prepared in

12 connection with certain transactions was misleadingly similar to the name of the LICENSED

13 SUPPLIER, and it created the false impression that the prescription drugs in question had, in fact, been

14 supplied by the LICENSED SUPPLIER.  The Transaction Documentation buttressed this false

15 impression by also listing the LICENSED SUPPLIER's business address in the state of California.

16 Customers reviewing the Transaction Documentation purporting to identify the source of the

17 prescription drugs would therefore see a name confusingly similar to the LICENSED SUPPLIER, in

18 addition to the business address for the LICENSED SUPPLIER.  In reality, the prescription drugs sold

19 by Mainspring were acquired from other sources that were never disclosed to customers or reflected in

20 the Transaction Documentation.  In some instances, these prescription drugs were unlawfully acquired

21 from unlicensed individuals operating in the State of California.

22       16.    KOJOYAN and OVASAPYAN communicated frequently during the course of the

23 conspiracy, and KOJOYAN knowingly participated in the scheme to mislead customers into believing

24 that Mainspring's supply of prescription drugs was legitimate.  KOJOYAN and OVASAPYAN

25 monitored the licensure status for the LICENSED SUPPLIER, and in the event the license for the

26 LICENSED SUPPLIER became inactive, OVASAPYAN and KOJOYAN would cease sales activity

27 until the license was reactivated.

28       17.    As a further part of the conspiracy and the scheme to defraud, OVASAPYAN,

INDICTMENT                                          3

1  KOJOYAN, and others established and caused to be established shell companies with names deceptively

2  similar to the LICENSED SUPPLIER.  OVASAPYAN and KOJOYAN then established and caused to

3  be established bank accounts held in those deceptively similar corporate names.  In order to conceal the

4  fraud, OVASAPYAN and KOJOYAN arranged for Mainspring to transfer funds to these deceptively

5  named accounts in order to create banking records superficially consistent with financial transfers to a

6  legitimate, LICENSED SUPPLIER.  However, Mainspring never transferred any funds to any bank

7  account controlled by the LICENSED SUPPLIER, and it otherwise never did any business with the

8  LICENSED SUPPLIER.  In reality, the funds transferred from Mainspring to the accounts established

9  by KOJOYAN and others were often liquidated and returned as proceeds to the co-conspirators, or else

10 transferred to other bank accounts.  Only a very small portion of the funds acquired by Mainspring from

11 its customers was ever sent to a licensed prescription drug wholesaler.

12 COUNT ONE:                (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

13      18.     Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated as if fully set

14 forth here.

15      19.     Beginning no later than on or about February 9, 2017, and continuing through at least on

16 or about April 5, 2018, in the Northern District of California and elsewhere, the defendants,

17                          EDVIN OVASAPYAN and
                            HAKOB KOJOYAN,
18

19 did knowingly conspire to devise and intend to devise a scheme and artifice to defraud as to a material

20 matter, and to obtain money and property by means of materially false and fraudulent pretenses,

21 representations, and promises, and by omissions and concealment of material facts with a duty to

22 disclose, and, for the purpose of executing such scheme and artifice to defraud, to transmit and cause the

23 transmission of wire communications in interstate commerce, in violation of Title 18, United States

24 Code, Section 1343.

25      All in violation of Title 18, United States Code, Section 1349.

26 COUNTS TWO AND THREE:        (18 U.S.C. § 1343 and 2 – Wire Fraud and Aiding and Abetting)

27      20.     Paragraphs 1 through 19 of this Indictment are re-alleged and incorporated as if fully set

28 forth here.

INDICTMENT                                    4

21. Beginning at a date unknown to the grand jury, but no later than on or about February 9, 2017, and continuing as to all defendants to a date unknown to the grand jury, but to at least on or about April 5, 2018, in the Northern District of California and elsewhere, the defendants,

EDVIN OVASAPYAN, and
HAKOB KOJOYAN

did knowingly and with the intent to defraud device and execute, and attempt to execute, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

22. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendants did knowingly transmit and cause to be transmitted writings, signs, signals, pictures, and sounds in interstate commerce by means of wire communications:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| 2 | 3/16/2018 | Electronic Transfer of $42,000 from Mainspring to Bank Account Domiciled in San Mateo, California |
| 3 | 4/5/2018 | Electronic Transfer of $15,000 from Mainspring to a Bank Account Domiciled in San Mateo, California |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT FOUR:        (18 U.S.C. § 1956(h) – Conspiracy to Commit Laundering of Monetary Instruments)

23. Paragraphs 1 through 22 of this Indictment are re-alleged and incorporated as if fully set forth here.

24. Beginning at a date unknown to the grand jury, but no later than on or about February 9, 2017, and continuing as to all defendants to a date unknown to the grand jury, but to at least on or about April 5, 2018, in the Northern District of California and elsewhere, the defendants,

EDVIN OVASAPYAN, and
HAKOB KOJOYAN

INDICTMENT                                    5

1  and others known and unknown, unlawfully and knowingly conspired together and with one another to

2  violate Title 18, United States Code, Section 1956(a)(1).

3      25.    It was a part and an object of the conspiracy that the defendants, and others known and

4  unknown to the grand jury, with the intent to promote the carrying on of specified unlawful activity and

5  to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

6  unlawful activity, to wit, conspiracy to commit wire fraud and wire fraud, in violation of Title 18,

7  United States Code, Sections 1343 and 1349, unlawfully and knowingly, and knowing that property

8  involved in a financial transaction represents the proceeds of some form of unlawful activity, would and

9  did conduct and attempt to conduct financial transactions which in fact involved the proceeds of

10  specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1).

11      All in violation of Title 18, United States Code, Section 1956(h).

12  <u>COUNT FIVE:</u>    (18 U.S.C. § 371 – Conspiracy to Engage in the Unlawful Wholesale

13          Distribution of Drugs)

14      26.    Paragraphs 1 through 25 of this Indictment are re-alleged and incorporated as if fully set

15  forth here.

16      27.    Beginning at a date unknown to the grand jury, but not later than February 9, 2017, and

17  continuing to a date unknown to the grand jury, but to at least on or about April 5, 2018, in the Northern

18  District of California and elsewhere, the defendants,

19                          EDVIN OVASAPYAN, and
                        HAKOB KOJOYAN

20  and others known and unknown, did knowingly and intentionally conspire to:

21          a)    knowingly engage in the unlicensed wholesale distribution of prescription drugs

22          in interstate commerce, in violation of Title 21, United States Code, Sections 331(t),

23          353(e)(1)(A), 333(b)(1)(D);

24          b)    engage in the wholesale distribution of prescription drugs without obtaining and

25          providing truthful and accurate transaction histories, transaction statements, and

26          transaction information, with intent to defraud and mislead, in violation of Title 21,

27          United States Code, Sections 331(t), 360eee-1(c), and 333(a)(2); and

28

INDICTMENT                6

c)   defraud the United States and its agencies by impeding, impairing, and defeating

the lawful functions of the Food and Drug Administration to protect the health and safety

of the public by ensuring that prescription drugs distributed in the United States were safe

and effective from the time of manufacturing to the delivery to the entity that sells or

dispenses the product to the ultimate consumer or patient.

Manner and Means for Achieving the Objects of the Conspiracy

28.   As part of the conspiracy, the coconspirators acquired prescription drugs from unlicensed

dealers in the State of California and shipped them to a facility in the Commonwealth of Pennsylvania

that was associated with Mainspring Distribution.

29.   The coconspirators then generated or caused to be generated Transaction Documentation

falsely claiming that the prescription drugs had been acquired from the LICENSED SUPPLIER.  This

Transaction Documentation was distributed to Mainspring's customers, which included retail

pharmacies in addition to other wholesale distributors.

30.   As part of the conspiracy, and in order to buttress the coconspirators' false claims as to

the source of their prescription drugs, the coconspirators opened and caused to be opened bank accounts

in the names of shell business entities with names deceptively similar to the name of the LICENSED

SUPPLIER, which was the supposed source of the majority of Mainspring's pharmaceuticals

Overt Acts

31.   In furtherance of the conspiracy, and to effect the illegal objects thereof, the following

overt acts, among others, were committed in the Northern District of California and elsewhere:

a)   On or about March 16, 2018, the defendants transferred and caused to be

transferred $42,000 from an account held in the name of Mainspring Distribution to an

account domiciled in San Mateo, California.

b)   On or about April 5, 2018, the defendants transferred and caused to be transferred

$15,000 from an account held in the name of Mainspring Distribution to an account

domiciled in San Mateo, California

c)   On or about April 14, 2017, the defendants caused Transaction Documentation to

be generated for a customer that falsely and fraudulently misrepresented the source of a

INDICTMENT                                    7

1             prescription drug products.

2        All in violation of Title 18, United States Code, Section 371.

3    <u>FORFEITURE ALLEGATION</u>:       (18 U.S.C. §§ 981, 982, & 28 U.S.C. § 2461(c) – Criminal

4                                            Forfeiture)

5        32.      All of the allegations contained in this Indictment are re-alleged and by this reference

6 fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

7 United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461(c).

8        33.      Upon a conviction for any offense alleged in Counts One through Three of this

9 Indictment, the defendants,

                            EDVIN OVASAPYAN and

10                             HAKOB KOJOYAN,

11 shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all

12 property, real or personal, constituting or derived from proceeds the defendants obtained directly and

13 indirectly as the result of the violation, including but not limited to a forfeiture money judgment.

14        34.      Upon a conviction for any offense alleged in Count Four of this Indictment, the

15 defendants,

                            EDVIN OVASAPYAN and

16                             HAKOB KOJOYAN,

17 shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 982(a), and 28 U.S.C.

18 § 2461(c), all property, real or personal, involved in or traceable to the violation, or constituting or

19 derived from proceeds traceable directly and indirectly to a violation, including but not limited to a

20 forfeiture money judgment.

21        35.      Upon a conviction for any offense alleged in Count Five of this Indictment, the

22 defendants,

                            EDVIN OVASAPYAN and

23                             HAKOB KOJOYAN,

24 shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), and 28 U.S.C. §

25 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross

26 proceeds traceable to the commission of the offense, including but not limited to a money judgment.

27        36.      If any of the aforementioned property, as a result of any act or omission of the

28

INDICTMENT                      8

1 defendants –

2         a.    cannot be located upon the exercise of due diligence;

3         b.    has been transferred or sold to, or deposited with, a third person;

4         c.    has been placed beyond the jurisdiction of the Court;

5         d.    has been substantially diminished in value; or

6         e.    has been commingled with other property that cannot be divided without

7             difficulty;

8 any and all interest the defendants have in other property shall be vested in the United States and

9 forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982.

10       All in violation of Title 18, United States Code, Sections 981 and 982; Title 28, United States

11 Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

12

13 DATED: *Nov. 1, 2018*                A TRUE BILL

14

15                                                               _____

16                                               FOREPERSON

17 ALEX G. TSE

18 United States Attorney

19

20 STEPHANIE HINDS

21 Deputy Chief, Criminal Division

22

23 (Approved as to form: _____ )

24                     AUSA DAWSON

25

26

27

28

INDICTMENT                  9

# Exhibit B

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
GREGG W. LOWDER (CABN 107864)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6748
    Email: Gregg.Lowder@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-0533 RS |
| Plaintiff, | **THIRD BILL OF PARTICULARS FOR THE FORFEITURE OF PROPERTY** |
| v. | |
| EDVIN OVASAPYAN and HAKOB KOJOYAN, | |
| Defendant. | |

The United States of America, by and through David L. Anderson, United States Attorney for the Northern District of California, and Gregg W. Lowder, Assistant United States Attorney, hereby files the following Third Bill of Particulars for notice of forfeiture of property.

///

///

///

Third Bill of Particulars for Forfeiture of Property
CR 18-0533 RS

1

1    The Indictment in the above-captioned case filed on November 1, 2018, provides notice of and

2    seeks the forfeiture of both real and personal property pursuant to 18 U.S.C. §§ 981 and 982 and 28

3    U.S.C. § 2461(c).  The United States hereby gives notice that, in addition to any property already listed

4    in the forfeiture allegation, the Bill of Particulars for forfeiture of property filed on January 10, 2019,

5    and the Second Bill of Particulars for forfeiture property filed on February 14, 2019, the United States is

6    additionally seeking forfeiture of the following property:

7        • Real Property and Improvements located at 2481 N. Junipero Avenue, Palm Springs,

8            California 92262;

9        • Real Property and Improvements located at 383 Kalaimoku, Ritz Calton Tower 2,

10           Unit 3106, Honolulu, Hawaii 96815, titled in the name of ESJ Group, LLC;

11       • Real Property and Improvements located at 8654 Washington Blvd., Culver City,

12           California 90232, titled in the name of JPO22, LLC;

13       • Real Property and Improvements located at 4305 Groves Place, Somis, California 93066;

14       • Real Property and Improvements located at 4314 Marina City Drive, Apt 416, Marina

15           Del Rey, California 90292;

16   DATED: April 1, 2019                          Respectfully submitted,

17

18                                                 DAVID L. ANDERSON
                                                   United States Attorney
19
                                                   GREGG W. LOWDER
20                                                 Assistant United States Attorney

21

22

23

24

25

26

27

28   Third Bill of Particulars for Forfeiture of Property
     CR 18-0533 RS

# Exhibit C

The Condominium shall mean that certain Condominium consisting of the following elements:

A sub-leasehold condominium estate in and to the following described parcels:

PARCEL 1:

That portion of Lot 1 of Tract No. 45545, in the County of Los Angeles, State of California, as per map recorded in Book 1100, pages 36 through 38 inclusive of Maps, in the Office of the Los Angeles County Recorder, which is shown, delineated and described as **Unit No. 416 (The Center Tower South)** on that certain condominium plan (the "Condominium Plan") recorded on January 11, 1988, as Instrument No. 88-33404 in the Official Records of Los Angeles County.

PARCEL 2:

An undivided one six hundredth (1/600) interest in and to that portion of Lot 1 of said Tract No. 45545, shown, delineated and described as the "Common Air Space Element, South Sector of West Tower, Plaza Level" on the Condominium Plan.

PARCEL 3:

The exclusive Appurtenant Right to use **Parking Space No. 371 located in The Center Tower and Parking Space No. 373 located in The Center Tower**, as shown, delineated and described on said Condominium Plan and more particularly described in Section 5.2 and Article 17 of the Master Condominium Sublease, a memorandum of which was recorded on February 9, 1988 as instrument no. 88-176672, Official Records of said County.

PARCEL 4:

The non-appurtenant Rights of ingress, egress, support, use, enjoyment and other like matters applicable to the above-described parcels 1 to 3, inclusive as said rights are more particularly described in Section 5.3 of said Master Condominium Sublease.  Said appurtenant Rights currently affect Lots 1-3 inclusive of said Tract No. 45545.