1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW F. DAWSON (CABN 264421)
   GREGG W. LOWDER (CABN 107864)
5  Assistant United States Attorneys

6      450 Golden Gate Ave., Box 36055
       San Francisco, California 94102
7      Telephone: (415) 436-7019/7044
8      Fax: 415.436.7234
       Email: andrew.dawson@usdoj.gov
9             gregg.lowder@usdoj.gov

10 Attorneys for the United States of America

11                          UNITED STATES OF AMERICA
12                       NORTHERN DISTRICT OF CALIFORNIA
13                              SAN FRANCISCO DIVISION
14

| UNITED STATES OF AMERICA, | ) Case No. CR 18-0533 RS |
|---|---|
| Plaintiff, | ) |
| | ) **APPLICATION OF THE UNITED STATES FOR** |
| v. | ) **PRELIMINARY ORDER OF FORFEITURE** |
| | ) |
| HAKOB KOJOYAN, | ) |
| | ) |
| Defendant. | ) |

The United States, by and through the above Assistant United States Attorneys, respectfully submits this Application of the United States for Issuance of a Preliminary Order of Forfeiture. The property subject to the proposed Preliminary Order of Forfeiture is the property admitted in the defendant Hakob Kojoyan's plea agreement to be proceeds of the defendant's crime, as follows (hereinafter "the subject property"):

- Real Property located at 2481 N. Junipero Avenue, Palm Springs, California 92262 (APN 504-223-021-1)

The government respectfully requests that, upon the Court's acceptance of the defendant's plea of guilty pursuant to the plea agreement, the Court sign the accompanying Preliminary Order of

Forfeiture. Under Rule 32.2(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure ("FRCP"), once the Court accepts a defendant's plea of guilty, the Court may rely upon the defendant's plea agreement admissions to determine whether the property is forfeitable from the defendant. If the Court finds the property is forfeitable as to the defendant, FRCP Rule 32.2(b)(2)(A) authorizes the Court to enter a preliminary order of forfeiture which terminates the defendant's interest and to defer the determination of any third party interests until after third party claims are filed, which occurs after the preliminary order of forfeiture authorizes the government to send notices to the potential third party claimants.

At the change of plea hearing scheduled for July 15, the government expects the defendant Kojoyan will formally enter his plea agreement and, in so doing, admit that he is the sole title holder of the subject property, that the subject property was purchased solely with the proceeds of his admitted crime, and that he agrees the property is forfeitable and will be forfeited to the government.

The subject property has been reported as vacant and is likely dissipating in value. If the Court accepts the defendant's plea of guilty, his plea agreement allows this Court to issue the accompanying Preliminary Order of Forfeiture at this time. The order will permit the government to begin the process of notifying potential interest holders (such as a mortgage lien holder) to allow them to make a claim to the subject property. The Preliminary Order of Forfeiture does not authorize the sale of the property; any seizure and sale of the property will occur after this Court enters a Final Order of Forfeiture.

**Factual Background**

On July 6, 2020, defendant Hakob Kojoyan was charged by a Superseding Information with violation of Title 21, United States Code, Sections 331(t), 333(b)(1)(D) and 353(e)(1) (Unlicensed Wholesale Distribution of Prescription Drugs). Dkt. 96. The Superseding Information sought criminal forfeiture, pursuant to Title 18, United States Code, Section 982 and Title 28, United States Code, Section 2461(c) (Criminal Forfeiture). *Id.*

The subject property is noticed for forfeiture in the filed forfeiture Bill of Particulars (Dkt. 22), and a Lis Pendens was filed on the title of property in the appropriate County Recorder's office (Dkt. 23), providing notification to all of the government's intent to forfeit the property.

Lienholders on the property, of which there appears to be at least one, await the completion of the government's forfeiture of the property so as to satisfy their mortgage lien from its sale proceeds.

On July 15, 2020, the defendant Kojoyan, is scheduled on calendar before this Court to plead guilty pursuant to a plea agreement to the sole count in the Superseding Information, a violation of Title 21, United States Code, Sections 331(t), 333(b)(1)(D), and 353(e)(1) (Unlicensed Wholesale Distribution of Prescription Drugs). Dkt. 96.

In the plea agreement, the defendant Kojoyan agrees the property is derived from proceeds of his crime, that he holds title as a single man, and that he agrees the property is forfeitable and he agrees to forfeit his interest in the subject property.

The accompanying proposed Preliminary Order of Forfeiture may be issued based upon this plea agreement, per FRCP Rule 32.2(b)(1)(B), and the Preliminary Order will allow the process of notifying claimants of the forfeiture process can begin. A Final Order of Forfeiture application will follow later, in which the Court will issue an order as to title and the validity of any claimed liens on the property.

**Basis for a Preliminary Order of Forfeiture**

Rule 32.2 of the Federal Rules of Criminal Procedure addresses criminal forfeiture procedure. Rule 32.2(b)(1)(A) provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an information with regard to which criminal forfeiture is sought, a court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.

Rule 32.2(b)(1)(B) provides that a court's determination may be based on evidence already in the record, "including any written plea agreement[.]"

Rule 32.2(b)(2) states that if the court finds that property is subject to forfeiture, it shall enter a preliminary order of forfeiture directing the forfeiture of the specific property without regard to any third party's interest in all or part of it. As to the interest of third parties, the rule provides that, "Determining whether a third party has such an interest must be deferred until any third party files a claim in the subsequent ancillary proceeding under Rule 32.2(c)." The ancillary proceeding can thereafter be

completed once the preliminary order of forfeiture becomes final as to the defendant, upon the court announcing such at sentencing and including it in the judgment, per Rule 32.2(b)(4).

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture may authorize the Attorney General (or a designee) to seize[1] the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statute governing third-party rights. A court may include in the order of forfeiture any conditions reasonably necessary to preserve the property's value pending any appeal.

Rule 32.2(b)(4) further provides that at sentencing, or at any time before sentencing if the defendant consents, the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and must be included in the judgment.

Upon acceptance of the guilty plea of the defendant Kojoyan pursuant to the parties' plea agreement, the requisite nexus between the subject property and the offense will be established as the defendant will have admitted that the subject property was purchased with proceeds of his crime. Accordingly, the property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), and the proposed Preliminary Order of Forfeiture may and should issue pursuant to FRCP Rule 32.2(b)(1) and (2).

**Procedure Following Issuance of Preliminary Order of Forfeiture**

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Gregg W. Lowder, Assistant United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever

---

[1] The government is not asking and does not intend to seize the subject property until after a Final Order of Forfeiture is entered by this Court.

1  is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the
2  petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury,
3  shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, and
4  any additional facts supporting the petitioner's claim and the relief sought. The United States may also,
5  to the extent practicable, provide direct written notice to any person known to have alleged an interest in
6  the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice
7  as to those persons so notified.

**Request for Preliminary Order of Forfeiture**

The United States therefore moves this Court to enter the accompanying proposed Preliminary Order of Forfeiture which provides for the following:

a. authorizes the forfeiture of the subject property to the United States;

b. authorizes the government to conduct discovery in order to identify, locate, or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

c. directs the United States to publish on a government website for at least thirty days, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendant, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

d. the Court retains jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: 7/14/2020                    Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/S/_____
GREGG W. LOWDER
Assistant United States Attorney

APPLICATION OF THE UNITED STATES FOF A PRELIMINARY ORDER OF FORFEITURE
CR 18-0533 RS                    5